# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2009

No. 09-30080
Summary Calendar

Charles R. Fulbruge III
Clerk

ANTHONY OUGEL; EMILY DELOVIO OUGEL

Plaintiffs-Appellees

v.

AMITE CITY POLICE DEPARTMENT; PARKER C. GABRIEL JR., Former
Amite Police Chief; REGINALD E. GOLDSBY, in his capacity and in his
official capacity as Mayor of Amite City; WYLIE FOSTER, Officer, Amite City
Police Department; JERRY TRABONA, Chief

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1525

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

This case arises out of a standoff between Joshua Ougel ("Ougel") and
members of the Amite City Police Department, during which Ougel was fatally
shot by Deputy Wiley Foster ("Foster"). Defendants moved for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judgment on the basis of qualified immunity, which the district court denied. We now DISMISS their appeal.

## I. BACKGROUND

On February 26, 2007 Ougel stole a car from a Porsche dealership and led various law enforcement officials on a high-speed chase through Mississippi and Louisiana. The Louisiana State Police requested assistance, and Deputy Foster and several of his colleagues joined the chase in nearby Amite, Louisiana. Eventually Foster and his colleagues and several officers from the Tangipahoa Parish Sheriff's Office surrounded and stopped the vehicle. One of the deputies from Tangipahoa broke Ougel's window, put Ougel's left arm in a wrist lock, and began trying to remove him from the vehicle. Two other officers positioned themselves at the front of the car and at the passenger side of the car with their weapons drawn. Deputy Foster moved to the passenger side window of the car. The officers ordered Ougel to show his hands and to surrender. The parties dispute what happened next, as will be addressed in more detail below, but the end result was that Foster fired a single shot from his service revolver which struck Ougel's right rear shoulder and penetrated his lungs; Ougel was removed from the car and transported to the hospital, where he died. Ougel's adoptive parents sued in federal district court, and Defendants moved for summary judgment on the basis of qualified immunity. The district court denied the motion, and Defendants timely appealed.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). A party is entitled to summary judgment only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004).

## III. DISCUSSION

The doctrine of qualified immunity provides protection against suit to government officials unless their conduct violates a clearly established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). We apply a two-step test, now discretionary, to determine whether government officials are entitled to qualified immunity. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009). First, the plaintiff must show that he suffered a constitutional violation, and then we must determine whether the action causing the violation was objectively unreasonable in light of clearly established law at the time of the conduct. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). In an appeal from a denial of summary judgment based on qualified immunity, "[i]f the determination of qualified immunity would require the resolution of a genuinely disputed fact, then . . . we lack jurisdiction over the appeal." *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 408 (5th Cir. 2009).

In this case, Plaintiffs argue that Deputy Foster used excessive force against Ougel in violation of his Fourth Amendment rights. To prevail on this claim, Plaintiffs must show that the excessive force was objectively unreasonable under the totality of the circumstances. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Contrary to Defendants' arguments, there are disputed genuine issues of material fact present in this case that affect the qualified immunity analysis. Deputy Foster gave differing accounts of what happened in the moments before the shooting. In his initial statement after the incident Foster said he shot Ougel to "stop the threat." In his second statement to police a short time later, Foster said he did not intentionally shoot Ougel and that it was "more than likely

accidental discharge." In a deposition given in preparation for the lawsuit, Foster first claimed both statements were true and then eventually affirmed that he had shot Ougel intentionally. Foster testified that Ougel had been reaching underneath the seat of the vehicle with his right hand and that he feared Ougel was reaching for a weapon, and that he had shot him from outside the passenger side window. Ballistic evidence and forensic evidence prepared by the Louisiana State Police crime lab and the Jefferson Parish Coroner's Office, however, indicated that Ougel was shot from 3 to 6 inches away, suggesting that Foster may have reached into the car and shot Ougel from a closer range than he claimed, and, more importantly, suggesting that Ougel's right arm was in a *raised* position when he was shot. Firing a shot at an unarmed suspect whose left arm was restrained by a wrist lock and whose right arm was in the air would constitute an objectively unreasonable exercise of excessive force because the suspect would at that point not present a danger to the officers present. *See Garner*, 471 U.S. at 11; *see also Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 762 (2d Cir. 2003). Plaintiffs have therefore raised a genuine issue of material fact as to whether Foster's conduct was objectively reasonable under the totality of the circumstances, and thus whether qualified immunity is appropriate in this case, which leaves us without jurisdiction to consider this appeal. *See, e.g., Bazan v. Hidalgo County,* 246 F.3d 481, 490 (5th Cir. 2001).

## IV. CONCLUSION

For the foregoing reasons we DISMISS the appeal.